IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-01423-MSK-BNB

WILLIAM LAWRENCE,
TERESA FEKANY,
COLORADO CROSS-DISABILITY COALITION,
COLORADO ASSOCIATION OF THE DEAF,

    Plaintiffs,

v.

CITY OF ENGLEWOOD, COLORADO, including its police department, and
GRAYSON ROBINSON, in his official capacity as Sheriff of Arapahoe County, Colorado,

    Defendants.

---

**JOINT MOTION TO STAY DISCOVERY AND SCHEDULING ORDER DEADLINES**

---

The Parties, by and through their respective undersigned counsel, hereby seek to stay discovery and all deadlines in the Scheduling Order (docket no. 16, entered August 7, 2012), as amended on November 28, 2012 (docket no. 58), in this case, and as grounds therefor, state:

**INTRODUCTION**

On November 16, 2012, the United States Department of Justice ("DOJ") opened investigations related to the incidents giving rise to this lawsuit to determine whether any violations of Title II of the Americans with Disabilities Act ("ADA") and its implementing regulations occurred. Since that time, counsel for the Parties and the DOJ counsel have met, conferred multiple times, and discussed informal resolution of Plaintiffs' claims in this lawsuit, as well as resolution of the DOJ investigation. DOJ counsel has conferred with counsel for the

Parties, has drafted proposed settlement agreements and has submitted them for formal DOJ approval. Once that approval is obtained, the parties will review the proposed agreements. The Parties, with DOJ's assistance, anticipate substantially if not completely resolving this case very soon.

### CERTIFICATE OF COMPLIANCE WITH D.COLO.LCivR 6.1

Pursuant to D.C.Colo.LCivR 6.1(E) a copy of this Motion has been served on all clients.

### ARGUMENT

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants. The granting of the stay ordinarily lies within the discretion of the district court." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (internal citation omitted). In evaluating whether a stay is appropriate, the following five factors guide the Court's determination: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *Kerr v. Hickenlooper*, No. 11-cv-01350-WJM-BNB, 2011 WL 5597417, at *3 (D. Colo. Nov. 16, 2011). These "'[f]ive factors have been universally recognized' as appropriate when determining whether to stay proceedings." *Id.* (citing *Fed. Deposit Ins. Corp. v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, with respect to the first and second factors, Plaintiffs join Defendants in this

Motion. Consequently, Plaintiffs will not be prejudiced by and Defendants will not be burdened by the delay associated with the requested stay. In addition, DOJ counsel has suspended its investigation of Defendants in order to determine if settlement now is possible. Both parties, however, may be unnecessarily burdened in the absence of a stay. Although settlement proposals had been exchanged and discussed, the DOJ's involvement has resulted in the parties focusing their attention and time on settlement discussions. Meanwhile, the Parties have continued to engage in substantial discovery, expert testing, and have actively continued to litigate, which may no longer be necessary.

Plaintiffs served their fourth sets of discovery requests on each Defendant on November 19, 2012, and, in light of the addition of Plaintiff Fekany's claims on November 14, 2012, Defendant Robinson has begun supplementing his prior discovery responses. Similarly, Plaintiffs have served Rule 30(b)(6) deposition notices on each Defendant and Defendants are working to designate appropriate deponents, and the Parties have scheduled Defendants' deposition of Plaintiff Lawrence for December 20, 2012. In addition, in lieu of answering Plaintiffs' Second Amended and Class Action Complaint, on November 28, 2012, Defendant Robinson filed a Rule 12(b)(1) motion to dismiss, and Plaintiffs' response is due on December 24, 2012. Plaintiffs have also retained an expert, who has begun working with the individual Plaintiffs, and begun preparing for the January 4, 2013 deadline. Accordingly, due to the increase in the Parties settlement negotiations given the involvement of DOJ counsel, the current discovery obligations and schedule are becoming burdensome on the Parties despite the extensions granted by the Court on November 28, 2012.

Staying the current discovery and Scheduling Order deadlines at this time would also serve to convenience the Court. As discussed with respect to the first and second factors, the Parties have continued to litigate and engage in substantial discovery. With the addition of the DOJ, it seems this case has a greater likelihood of settlement; however, counsel need time to communicate with their clients each time drafts of agreements are exchanged. It is likely that, in the absence of the requested stay, the Parties would need to seek additional extensions.[1] Rather than require the Court to repeatedly revisit deadlines, the parties believe that the Court will be convenienced by simply granting the requested stay. This Court's rules specifically authorize stays to permit time for alternative dispute resolution: "To facilitate settlement or resolution of the suit, the district judge or a magistrate judge exercising consent jurisdiction may stay the action in whole or in part during a time certain or until further order." D.C.COLO.LCivR 16.6A.

With respect to the fourth and fifth factors, the Parties submit that the interests of both the public and others not a party to this litigation will be furthered by granting the requested stay. Specifically, the DOJ, which represents the United States of America and is statutorily charged with implementing the ADA, has an interest in assisting the parties in both resolving this lawsuit as well as its own investigation. That interest would be furthered by granting the requested stay, as the parties would be able to refocus their entire effort to resolving both matters.

The parties anticipate reaching a resolution soon and, as set forth in the Proposed Order, will submit a Status Report on or before January 14, 2013 informing the Court of the status of the

---

[1] For instance, in the approximately six months since Plaintiffs filed their initial Complaint (docket no. 1, filed May 31, 2012), the parties have moved this Court for extensions or amendments eight times. *See* docket nos. 18, 21, 24, 25, 28, 34, 37, 40, and 48.

case and whether the stay should be lifted.

WHEREFORE, the parties respectfully request that the Court Grant this Joint Motion to Stay Discovery and Scheduling Order Deadlines and request that the Court order the parties to submit a Status Report on or before January 14, 2013 informing the Court of the status of the case and whether the stay should be lifted.

Respectfully Submitted,

*/s/ Kevin W. Williams*
Kevin W. Williams
Andrew C. Montoya
Colorado Cross-Disability Coalition
655 Broadway, Suite 775
Denver, Colorado 80203
Phone: (303) 839-1775
Facsimile: (720) 2109819
E-mail: kwilliams@ccdconline.org
E-mail: amontoya@ccdconline.org
Attorneys for Plaintiffs

*/s/ Edward M. Caswall*
Edward M. Caswall
Assistant County Attorney
Arapahoe County Attorney's Office
5334 South Prince Street
Littleton, Colorado 80120-1136
E-mail: ecaswall@co.arapahoe.co.us
Attorney for Defendant Robinson

*/s/ Courtney Kramer*
Eric Ziporin
Courtney Kramer
Senter Goldfarb & Rice, LLC
1700 Broadway, Suite 1700
Denver, Colorado 80290
E-mail: eziporin@sgrllc.com
E-mail: ckramer@sgrllc.com
Attorneys for Defendant Englewood

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic service to the following:

>Edward M. Caswall
>ECaswall@co.arapahoe.co.us
>
>Eric Ziporin
>Courtney B. Kramer
>EZiporin@sgrllc.com
>CKramer@sgrllc.com

>>*/s/ Briana McCarten*
>>Legal Program Assistant